UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL SPEIDEL,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 2:14-cv-19-FtM-38CM

AMERICAN HONDA FINANCE CORPORATION,

        Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Remand (Doc. #6) filed on January 24, 2014. Defendant's Memorandum of Law in Opposition (Doc. #13) was filed on February 10, 2014. Thus, the Motion is now ripe for review.

### BACKGROUND

On or about December 13, 2013, Plaintiff Michael Speidel commenced an action against American Honda Finance Corporation ("AHFC"), in the Small Claims Division of the County Court of the Twentieth Judicial Circuit in and for Collier County, Florida. Michael Speidel vs. American Honda Finance Corp. d/b/a Honda Financial Services, Case No.: 112013SC0016870001XX (the "State Court Action"). In the Complaint (Doc. #2), Plaintiff asserts causes of action against AHFC for Violation of the Florida Consumer

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Collection Practices Act ("FCCPA") (Count I), Injunctive Relief (Count II), Declaratory Relief (Count III), and violations under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227 (Count IV). On January 15, 2014, AHFC timely removed the State Court Action to this Court (Doc. #1) pursuant to 28 U.S.C. § 1331, invoking this Court's federal question jurisdiction. Plaintiff now moves to remand this action, arguing abstention and that the Court should not exercise supplemental jurisdiction over the state law claims.

## DISCUSSION

This case was removed based upon federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint contains a claim brought pursuant to the TCPA, a federal law. Pursuant to Title 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Bolen v. Illinois Nat. Ins. Co., 2012 WL 4856811, at *2-4 (M.D. Fla. Aug. 28, 2012) (citing Williams v. Best Buy Company, Inc. 269 F.3d 1316, 1319 (11th Cir. 2001)); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008). When the defendant fails to meet its burden, the case must be remanded. Williams, 269 F.3d at 1321.

The United States Supreme Court has recently analyzed the very issue raised in this case – whether federal or state courts have jurisdiction over private suits arising under the TCPA. See Mims v. Arrow Financial Services, LLC, --- U.S. ---, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012). Pursuant to the TCPA, "[a] person or entity may, if otherwise

2

permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State." 47 U.S.C. § 227(b)(3). In Mims, the Court stated: "[i]n cases 'arising under' federal law, we note, there is a 'deeply rooted presumption in favor of concurrent state court jurisdiction,' rebuttable if 'Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim.'" Mims, 132 S. Ct. at 748 (quoting Tafflin v. Levitt, 493 U.S. 455, 45859, 110 S. Ct. 792, 107 L. Ed. 2d 887 (1990)). Further, the Court noted that "[n]othing in the permissive language of § 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims." Mims, 132 S. Ct. at 749. The Court held that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Id. at 745.

With regard to removal,

> As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court. The district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treaties of the United States." § 1331. It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.

City of Chi. v. Int'l. Coll. of Surgeons, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (citations and quotation marks omitted). Even though the state court has concurrent jurisdiction over a TCPA claim, this does not preclude removal. See Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 694-95, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003). In this instance, Congress has included nothing in the TCPA that would preclude removal to federal court. See Mims, 132 S. Ct. at 753, n.15 (noting that "[w]hen Congress wants to make federal claims instituted in state court nonremovable, it says just

3

that"). "Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331." Id. "Additionally, plaintiff's choice of a state forum does not preclude defendant from removing the case. While as master of her complaint plaintiff need not assert a federal claim, having done so plaintiff subjected herself to the possibility that defendant would remove the case to federal court." Rutherford v. Wells Fargo Bank, N.A., No. 2:13-cv-239-29DNF, 2013 WL 3119413 (M.D. Fla. June 18, 2013) (citing Int'l. Coll. of Surgeons, 522 U.S. at 165). Because this Court has § 1331 jurisdiction over Plaintiff's Complaint and this Court has otherwise not been divested of such jurisdiction by Congress, the Court will exercise its jurisdiction and deny the request to remand. See Dayhoff v. Wells Fargo Home Mortg., Inc., No. 6:13-cv-1132-Orl-37KRS, 2014 WL 466151, at *2 (M.D. Fla. Feb. 5, 2014).

Further, as the Court has federal question subject matter jurisdiction over Plaintiff's claims arising under the TCPA, it can exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute "other claims that ... form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court must nonetheless determine whether, in the exercise of its discretion under 28 U.S.C. § 1367(c), to exercise that jurisdiction over this state law claim. Section 1367(c) provides that this Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." Id. § 1367(c)(2).

In this case, the Court finds that it should exercise its jurisdiction over the state law claim. The state and federal law claims are a part of the same case or controversy as

they all derive from the alleged debt collection practices of the Defendant.  Thus, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.  The Court will not, as Plaintiff requests, remand the state law claims while the federal claim remains in this Court.  Such piecemeal litigation could result in inconsistency between the two cases that would not encourage judicial economy.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Remand (Doc. #6) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this   28th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record